IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL LEE KNOD, ID # 13056676, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:13-CV-1747-L-BH |
| | ) | |
| CITY OF IRVING, TEXAS, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED** as frivolous.

I.  BACKGROUND

Daniel Lee Knod (Plaintiff) brings this action under 42 U.S.C. § 1983.  (Compl. at 1, 3.)  He initially named the City of Irving, unnamed police officers and detectives with the City of Irving, the Dallas District Attorney, and the Dallas County Sheriff as defendants. *Id.*  He later amended his complaint to dismiss his claims against the City of Irving and the Irving police officers and to name Assistant District Attorney Michael Casillas and Sheriff Lupe Valdez as defendants. (Magistrate Judge's Questionnaire Answers[1] (MJQ Ans) 4, 5).[2]

Plaintiff asserts that Casillas failed to provide him with allegedly exculpatory or mitigating evidence relating to his felony theft case. (MJQ, Ans. 4).  He further asserts that  Sheriff Valdez established an official law library access policy at the Dallas County jail that denied him access to courts, resulting in the dismissal of his federal habeas case in the Eastern District of Texas.  (MJQ,

---

[1]  Plaintiff's answers to the questions in the MJQ constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[2]  Plaintiff initially listed "Dallas County District Attorney" as a defendant, but later specified that the defendant he is suing is Assistant District Attorney Casillas.

Ans. 5). He seeks monetary, declaratory, and injunctive relief.  (MJQ Ans. 7).

## II.  PRELIMINARY SCREENING

Plaintiff is an inmate in the Dallas County Jail.  He has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).  A complaint fails to state a claim upon which relief may be

2

granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient

to "raise the right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Mere "labels

and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a

claim upon which relief may be granted.  *Id.*

### III.  SECTION 1983

Plaintiff sues the defendants under 42 U.S.C. § 1983.  That section "provides a federal cause

of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities

secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of

federal statutes, as well as of constitutional norms."  *Livadas v. Bradshaw*, 512 U.S. 107, 132

(1994).  To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived

of a right secured by the Constitution and the laws of the United States; and (2) the deprivation

occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978);

*Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A.    **ADA Casillas**

Plaintiff sues Assistant District Attorney Casillas for failure to provide allegedly exculpatory

and mitigating evidence with respect to his theft case by: 1) not providing him the vehicle

identification number (VIN) for the car engine that Plaintiff allegedly stole; 2) not providing him

with videos or pictures that were allegedly taken at the crime location that would reflect that Plaintiff

only attempted to commit theft; and 3) not providing him with the chain of custody paperwork for

the engine and the service contract for its replacement.  (MJQ, Ans. 4).  He claims that his court-

appointed attorney informed him that the District Attorney's office was not providing access to the VIN and did not possess any videos or pictures of the alleged crime. *Id*. Casillas is listed as the "Chief Prosecutor" on correspondence from the Fifth District Court of Appeals informing the parties that Plaintiff's petitions for writ of mandamus had been denied. (*See* MJQ Ans., Ex. A).

### 1. Official Capacity Claim

To the extent that Plaintiff is suing Casillas in his official capacity, an official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Hafer v. Melo*, 502 U.S. 21, 26–27 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

Texas district attorneys and assistant district attorneys are considered agents of the state, immune from claims for damages under the Eleventh Amendment, when acting in their official prosecutorial capacities. *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000); *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir.1997); *Quinn v. Roach*, 326 Fed. App'x 280, 292-293 (5th Cir. May 4, 2009). The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[3] "The Eleventh Amendment acts as a jurisdictional bar to a suit in federal court against a state or one of its agencies. This immunity applies unless it is waived by consent of a state or abrogated by Congress. " *See Curry v. Ellis Cnty., Tex.*, 2009 WL 2002915, at *3 (N.D. Tex. July 10, 2009) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984)). Although Congress has the power

---

[3]   Although courts and litigants often use "Eleventh Amendment  immunity" as a "convenient shorthand", the phrase is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *N. Ins. Co. of N.Y. v. Chatham County, Ga*., 547 U.S. 189, 193 (2006) (quoting *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit nor has Congress abrogated the immunity by enacting 42 U.S.C. § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Any official capacity claim against Casillas is based on actions taken in his official capacity as an agent of the State of Texas.  Accordingly, his § 1983 official capacity claims against him should be dismissed as frivolous because the State of Texas is immune from suit.

## 2. *Individual Capacity Claim*

Any claim against Casillas in his individual capacity is also without merit.  Prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions, *see Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976), and only qualified immunity with respect to administrative and investigative duties, *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).  Here, Plaintiff sues Casillas because he allegedly failed to provide exculpatory evidence to Plaintiff during his criminal prosecution.  A prosecutor is entitled to absolute immunity for acts taken to initiate prosecution, even against allegations that he acted "maliciously, wantonly, or negligently."  *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987), *citing Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985).  Even the alleged suppression of exculpatory evidence by a prosecutor is shielded by absolute immunity.  *Cousin v. Small*, 325 F.3d 627, 636 (5th Cir. 2003).

Because all of the acts of which Plaintiff complains were taken during the course and scope of the duties of a prosecutor, Casillas is entitled to immunity.  *See Imbler*, 424 U.S. at 423.

Plaintiff's § 1983 claims against him in his individual capacity should be dismissed.[4]

## B.   Sheriff Valdez

Plaintiff also sues Sheriff Valdez, alleging that her law library policy denied him access to the courts.  He claims he was provided less than one hour a week in the law library while he was incarcerated at the Dallas County jail between December 21, 2012, and May 16, 2013, and that the Texas Department of Criminal Justice (TDCJ) failed to forward his mail.  As a result, he was unable to prosecute his pending federal habeas case in the Eastern District of Texas or file an amended petition.

Prisoners have a constitutionally recognized right to access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  This includes either "adequate law libraries or adequate assistance from persons trained in the law" *Id.* at 828.   The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial.  *See id.*; *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that, to state a sufficient claim of denial of access to the courts, plaintiff must demonstrate that his position as a litigant was prejudiced as a dir-

---

[4] Even if the prosecutor was not immune from suit, Plaintiff's claims against him would be barred by *Heck v. Humphrey*. In *Heck*, the Supreme Court held that when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the claim must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* at 486-87. On May 16, 2013, Plaintiff pled guilty to the theft charge about which he complains and was sentenced to one year's imprisonment. (*See* www.dallascounty.org, search Cause No. F12-35548).  His claims against the prosecutor would necessarily imply the invalidity of this conviction. Plaintiff may, however, challenge his conviction in habeas proceedings based on his assertion that exculpatory evidence was not provided to him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

ect result of the denial of access).

The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action under 42 U.S.C. § 1983. *Id.* at 353-54 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)). Because the right of access to the courts is not a "freestanding right," it is necessary that he demonstrate actual injury resulting from the alleged denial of access. *Id.* at 351. Without a showing of an actual injury, plaintiffs lack standing to pursue claimed denials of access to courts. *Id.* at 349. This requires a plaintiff to allege, at a minimum, that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quotation omitted). A plaintiff must describe the claim well enough to establish that its "arguable nature ... is more than hope." *Id*. at 416 (internal quotation marks omitted).

Plaintiff has failed to allege sufficient facts to support his claim that his pending case was dismissed due to his lack of access to the law library at the Dallas County jail. His federal habeas petition was dismissed without prejudice, and his motion for reconsideration of this dismissal was denied, because it was his responsibility to inform the district court when his address changed, and he failed to do so. (MJQ Ans, Ex. A, B, C). Documents mailed to Plaintiff at the TDCJ address he provided were returned to the district court on August 1, 2012, and again on June 5, 2013. *See Knod v. Director*, No. 6:11-CV-140 (E.D. Tex.) (docs. 38, 40). Plaintiff's habeas petition was not dismissed (without prejudice to refiling) until June 10, 2013, after a second document was returned to the court. Plaintiff has failed to allege how limited access to a law library prevented him from

7

se

submitting an address change to the Eastern District of Texas at any time after his address changed.

His individual capacity claims against Sheriff Valdez should therefore be dismissed for failure to

state a claim.[5]

## IV.  RECOMMENDATION

Plaintiff's claims should be **DISMISSED** as frivolous pursuant to 28 U.S.C. §§

1915(e)(2)(B) and 1915A(b).  This dismissal will count as a "strike" or "prior occasion" within the

meaning 28 U.S.C. § 1915(g).[6]

**SIGNED this 25th day of October, 2013.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5]  To the extent that Plaintiff sues Valdez in her official capacity, he has pled an action against her municipal employer, Dallas County. *Kentucky v. Graham*, 473 U.S. at 165.  To hold a municipality liable under § 1983, plaintiffs must show an "underlying claim of a violation of rights,"as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005).  Because Plaintiff has failed to sufficiently allege a violation of his rights, any official capacity claims against Valdez also fail for the same reasons as the individual capacity claims.

[6]  Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE